1  RICHARD J. DOREN, SBN 124666
   RDoren@gibsondunn.com
2  HEATHER L. RICHARDSON, SBN 246517
   HRichardson@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, California 90071-3197
   Telephone: 213.229.7000
5  Facsimile: 213.229.7520

6  Attorneys for Defendant AETNA LIFE
   INSURANCE COMPANY

MANDATORY CHAMBERS COPY

*NOTE CHANGES MADE BY THE COURT.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CENTRAL DIVISION

| | |
|---|---|
| ERIC TYKESON<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:15-cv-00960-SJO-AGRx<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

*NOTE CHANGES MADE BY THE COURT.*

*NOTE CHANGES MADE BY THE COURT.*

Case 2:15-cv-00960-SJO-AGR   Document 17   Filed 05/05/15   Page 2 of 16   Page ID #:159

1  WHEREAS, discovery, pleadings, briefs and other documents filed with the
2  above-captioned matter may involve documents containing private health information
3  protected by state and federal laws, trade secrets, confidential commercial or financial
4  information, or other information that otherwise may be protected from disclosure;
5  WHEREAS, the Parties in the above-captioned matter have agreed that it is
6  necessary to establish common procedures to limit the necessity for objections or
7  subsequent motions seeking to limit discovery and/or the use of such information, and
8  facilitate the disposition by this Court of any disputes or problems that may arise in
9  connection with discovery or other use of this information;
10 IT IS HEREBY ORDERED as follows by this Court:
11     1.   Definitions.
12          The following definitions shall apply to this Order:
13          a.   "Confidential Information" shall mean any trade secrets, any
14 confidential commercial or financial information, any Confidential Health Information,
15 or any other information that any Party to the Litigation or any Producing Party may
16 reasonably characterize as confidential and that has not previously been made available
17 to the public.
18          b.   "Confidential Health Information" shall constitute a subset of
19 Confidential Information, and shall mean information supplied in any form, or any
20 portion thereof, that identifies an individual or subscriber in any manner and relates to
21 the past, present, or future care, services, or supplies relating to the physical or mental
22 health or condition of such individual or subscriber, the provision of health care to
23 such individual or subscriber, or the past, present, or future payment for the provision
24 of health care to such individual or subscriber. Confidential Health Information
25 includes, but is not limited to, medical bills, claims forms, charge sheets, medical
26 records, medical charts, test results, notes, dictation, invoices, itemized billing
27 statements, remittance advice forms, explanations of benefits, checks, notices, and
28 requests, as well as any summaries or compilations of the information contained in

Gibson, Dunn &
Crutcher LLP

Case 2:15-cv-00960-SJO-AGR   Document 17   Filed 05/05/15   Page 3 of 16   Page ID #:160

these documents, to the extent that such summaries or compilations themselves include Confidential Health Information. Confidential Health Information is intended to encompass all "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act.

    c.    "Documents" shall mean all written records, electronically stored information, or graphic material whatsoever, including, without limitation, any meaning reasonably given to such term in any written discovery request.

    d.    "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document. When any document is designated "Confidential" pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information.

    e.    "Litigation" shall refer to the above-captioned matter and any appeal therefrom through final judgment.

    f.    "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

    g.    "Parties" shall mean Plaintiff Eric Tykeson and Defendant Aetna Life Insurance Company.

2.    <u>Scope of Application</u>.

This Protective Order shall govern all documents and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. Further, this Order shall govern all documents and materials containing Confidential Information that are submitted in connection with a pleading, brief or other document filed with this Court. This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or


Case 2:15-cv-00960-SJO-AGR Document 19 Filed 05/05/15 Page 4 of 16 Page ID #:161

information at trial. The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a protective order pursuant to which Confidential Information may be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding. Absent agreement, the Court shall be asked to issue an order governing the use of information in the context of such proceedings.

This Court shall retain jurisdiction to resolve all disputes relating to this Protective Order. This Protective Order shall not prevent any Party from seeking to amend, modify, or revise this Protective Order in the above-captioned matter.

3. <u>Designation and Limitations on Use of Confidential Information</u>.

a. <u>Designation as "Confidential Information."</u> A Producing Party may designate any document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Order by affixing the legend as provided under subparagraph 1(d) to any document containing, or that the Producing Party believes contains, Confidential Information. If, through inadvertence, a Producing Party produces any document or portion thereof that contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under paragraph 1(d), the Producing Party may subsequently designate the document as "Confidential" as long as it does so within ten (10) business days of production of such documents. A Producing Party may also designate documents as Confidential by advising counsel of record to whom the documents are to be produced, in writing, of the Bates numbers of the documents that are designated Confidential pursuant to this Order.

b. <u>Limitations on Use of Confidential Information</u>. All documents, material, or information in this Litigation that are designated "Confidential" may be used only for purposes of the conduct of this Litigation to include discovery, motions, briefs, preparation for trial, trial, and on appeal, if any, and for no other purpose ("Permitted Purpose"). Confidential Information and any summaries, charts or notes

made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 7 below) and to:

(1) Parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

(2) counsel for the Parties hereto and their paralegals, litigation support staff and outside copying services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

(3) employees, officers and directors of independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose (but excluding any person regularly employed or engaged by a current or prospective competitor of the Party or third party that designated the material);

(4) deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation;

(5) stenographic reporters who are involved in depositions, the trial or any hearings or proceeding before the Court in the Litigation;

(6) third-party witnesses in the Litigation who reasonably need to review this material prior to or in connection with potential testimony in the Litigation; and

Gibson, Dunn & Crutcher LLP

            (7)    the persons listed on the document as authors or recipients (including copyees).

Unless the Producing Party agrees otherwise, Confidential Information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms. Persons listed in (1), (3), (4), or (6) of this paragraph shall be required to sign a Written Assurance in the format attached hereto as Exhibit A prior to disclosure to them of Confidential Information. A copy of each executed Written Assurance shall be retained by counsel of record for the Party obtaining the Written Assurance. A Party may make such application to the Court for disclosure of a copy of the executed Written Assurance(s) and the Court may grant such an application upon good cause shown, except that a Party need not disclose a copy of an executed Written Assurance if doing so would tend to reveal the identities of experts retained by a Party the disclosure of whom is not required by the Federal Rules of Civil Procedure, unless ordered by the Court. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

        c.    <u>Treatment of Confidential Health Information</u>. Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as Confidential and subject to all other terms and conditions governing the treatment of Confidential Information, as set forth in subparagraphs (a)-(b) of this paragraph. "Confidential Health Information" shall include, but is not limited to, records that contain any of the following subscriber, patient, or member identifiers:

            (1)    names;

            (2)    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

(3) all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(4) telephone numbers;

(5) fax numbers;

(6) electronic mail addresses;

(7) social security numbers;

(8) medical record numbers;

(9) health plan beneficiary numbers;

(10) account numbers;

(11) certificate/license numbers;

(12) vehicle identifiers and serial numbers, including license plate numbers;

(13) device identifiers and serial numbers;

(14) web universal resource locators ("URLs");

(15) internet protocol ("IP") address numbers;

(17) biometric identifiers, including finger and voice prints;

(18) full face photographic images and any comparable images; and

(19) any other unique identifying number, characteristic, or code.

The Producing Party may, but is not required to, redact the above identifiers in order to protect the privacy of its members, subscribers, or patients, but only to the extent such redaction does not result in prejudice to another Party in the Litigation. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Health Information to any person, including its counsel and their partners, associates, paralegals, and clerical and Litigation support personnel.

Gibson, Dunn & Crutcher LLP

Case 2:15-cv-00960-SJO-AGR Document 17 Filed 05/05/15 Page 8 of 16 Page ID #:165

4. **Designation of Documents Produced by Third Parties.**

Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party and was given to the non-Party on a confidential basis, in the following manner:

a. Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b. Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

c. The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-Party. For any discovery that was served on a non-Party prior to the date of this Protective Order, the Party who served the discovery shall provide the non-Party with a copy of this Protective Order within five (5) business days of the date this Order is entered by the Court.

Gibson, Dunn & Crutcher LLP

5. <u>Designation of Transcripts</u>.

   a. In the case of Confidential Information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition or hearing has disseminated to counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

   b. If a deposition or hearing transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential Document or Confidential Information hereunder as "Confidential" by informing counsel for all other Parties to this action in writing within ten (10) business days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Order. Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to not contain Confidential Information.

6. <u>Copies</u>.

All copies of any Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

1. 7. <u>Filing Confidential Information With Redactions and Under Seal</u>.

Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments, or at trial in this action, either as exhibits or as the basis for questions. In any motion, brief, or other papers filed with the Court referring to Confidential Information, any document or paper that contains Confidential Information shall be ~~filed~~ [submitted with an application to file] under seal, pursuant Local Rule 79-5 of the Local Rules of the United States District Court, Central District of California. In addition, the Party filing the document or paper with the Court shall endeavor to redact or otherwise exclude from the filing any Confidential Information not directly pertinent to that Party's filing, pursuant to Local Rule 5.2-1 of this District Court.

8. <u>Objections to Designation</u>.

Any Party (the "Requesting Party") may request in writing that any information or document designated as "Confidential" be released from the requirements of this Stipulated Protective Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with the Requesting Party within fifteen (15) business days of a written request. The written request shall specifically identify the information or document challenged by the Requesting Party (by Bates numbers) and include a statement of the legal or factual basis for each objection. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Producing Party must ~~make an application within twenty (20) business days of the meet-and-confer session~~ [commence preparation of a joint stipulation pursuant to Local Rule 37] for a ruling from the Court on the continued application of the "Confidential" designation of such information or document. In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review, and the terms of this Stipulated Protective Order shall continue to apply to such information or document until the Court rules on the application. If such ~~an application~~ [motion] is not made ~~by that time,~~



1  the document or information in dispute shall no longer be deemed as Confidential
2  Information.
3      9.    <u>Objections Not Waived</u>.
4      Notwithstanding anything to the contrary contained herein, all objections,
5  including any discovery or evidentiary objections, are reserved and are not waived by
6  any terms of this Order.
7      10.    <u>Subpoena of Confidential Documents</u>.
8      If at any time any document or information protected by this Order is
9  subpoenaed by any court, administrative or legislative body, or is requested by any
10 other person or entity purporting to have authority to require the production of such
11 information, the Party to whom the subpoena or other request is directed shall
12 immediately give written notice thereof to any Producing Party that has designated
13 such information "Confidential," so as to advise such person of the need to promptly
14 obtain a protective order or a notice to quash the subpoena if the Producing Party
15 believes such is necessary. The burden shall be on the Producing Party to timely file a
16 motion for protective order to quash. During the pendency of any such motion, the
17 Parties in possession of Confidential Information shall not produce the Confidential
18 Information.
19     11.    <u>Continuation of Protection After Disposition</u>.
20     a.    The termination of proceedings in the Litigation shall not relieve
21 the Parties from the obligation of maintaining the confidentiality of all Confidential
22 Documents and Confidential Information produced and designated pursuant to this
23 Order, unless the Court orders or permits otherwise. ~~This Court shall retain continuing~~
24 ~~jurisdiction beyond the conclusion of this Litigation, including without limitation~~
25 ~~during any appeal, to enforce the provisions of this Order, pursuant to its contempt~~
26 ~~powers and with all other powers provided for in this Order.~~



27     b.    Upon the final disposition of the Litigation, and a written notice
28 from the Producing Party in that matter, the attorneys for the other Parties shall, at their

Gibson, Dunn & Crutcher LLP

option, either (a) return to the Producing Party from whom it was obtained any document that has been designated "Confidential" and copies thereof, including any such copies disclosed to persons identified in subparagraph 3(b), within thirty (30) business days; or (b) destroy all documents that have been designated "Confidential" and provide a certification of the steps taken to that effect within thirty (30) business days. Notwithstanding this provision, the Parties to the Litigation may keep a complete set of deposition transcripts, all documents filed or lodged with the Court, that may include documents designated "Confidential", and any attorney work product, provided such information is stored in a manner so as to preserve its confidentiality.

    12.   <u>Notices</u>.

All notices that this Order requires to be sent to a particular Party shall be mailed via overnight mail to counsel for that Party at the address listed on Exhibit B.

    13.   <u>Inadvertent Production</u>

If a Producing Party inadvertently produces any Confidential Information or other privileged or protected material, and that Party provides a Notice of Inadvertently Produced Material to the other Parties to the Litigation, the other Parties shall respond in a reasonable time and manner by returning, destroying, or stamping such Documents or information as appropriate in response to the Producing Party's notice.

    14.   This Stipulated Protective Order supersedes any prior stipulations or orders regarding protected or confidential information in this action.

**IT IS SO STIPULATED.**

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| 1 | DATED: May 5, 2015 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | | |
| 3 | | By:    /s/  Heather L. Richardson |
| 4 | | Heather L. Richardson |
| 5 | | Attorneys for Defendant AETNA LIFE |
| 6 | | INSURANCE COMPANY |
| 9 | DATED: May 5, 2015 | MCKENNON LAW GROUP PC |
| 10 | | |
| 11 | | By:    /s/  Scott E. Calvert |
| 12 | | Scott E. Calvert |
| | | Attorneys for Plaintiff ERIC TYKESON |

Gibson, Dunn &
Crutcher LLP

**ORDER**

The Court has reviewed the Proposed Joint Stipulated Protective Order, and, FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 6, 2015

*Alicia G. Rosenberg*
~~Hon. S. James Otero~~
~~United States District Judge~~

**ALICIA G. ROSENBERG**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| ERIC TYKESON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; and DOES 1 to 10 inclusive,<br><br>　　　　Defendants. | Case No. 2:15-cv-00960-SJO-AGRx<br><br>**ACKNOWLEDGMENT REGARDING STIPULATED PROTECTIVE ORDER** |

I, _____, hereby declare that:

　　1.　I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

　　2.　I agree that I will be bound by and will comply with all provisions of the Stipulated Protective Order in my treatment of Confidential Material designated, marked, or otherwise indicated to me to be "Confidential." I will hold in confidence and will not disclose to anyone any Confidential Material, including copies, summaries, abstracts, excerpts, indexes or descriptions thereof, except pursuant to the terms of the Stipulated Protective Order. I agree that I will only use such information for purposes of this action and not for any business or competitive purpose.

　　3.　I will return all Confidential Material that comes into my possession, and all documents and things that I have prepared relating to or reflecting such

Gibson, Dunn & Crutcher LLP

Case 2:15-cv-00960-SJO-AGR Document 17 Filed 05/05/15 Page 16 of 16 Page ID #:173

information, to outside counsel for the party by whom I am employed or retained or from whom I received such material within thirty (30) days of termination of this action by settlement or final judgment, including exhaustion of all appeals, or within thirty (30) days of the conclusion of my involvement in the action, whichever is sooner.

4. I agree to submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.

5. I state under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
[Signature]

Gibson, Dunn & Crutcher LLP